UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK J. GOSSETT,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>JASON BENNETT,<br><br>　　　　　　　Respondent. | CASE NO. 3:24-cv-05491-TMC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: **July 30, 2024** |

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Mark J. Gossett, proceeding *pro se*, initiated this action on June 21, 2024, by filing a Motion to Proceed *In Forma Pauperis* (Dkt. 1), a Proposed federal habeas Petition (Dkt. 1-1), and other Proposed Motions and Requests (Dkts. 1-5, 1-8, 4, 5). Upon review, the undersigned recommends the instant action be **DISMISSED without prejudice** as it is duplicative of another federal habeas action currently pending in this Court. It is further recommended the IFP Motion (Dkt. 1) and all other Proposed Motions and Requests (Dkts. 1-5, 1-8, 4, 5) be **DENIED as moot**.

//

REPORT AND RECOMMENDATION - 1

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

In his Proposed Petition, Petitioner seeks to challenge his state court conviction entered in *State of Washington v. Mark Gossett*, Superior Court of Washington for Thurston County Case No. 07-1-0181-5. Dkt. 1-1 at 2. Although the Proposed Petition is styled as one filed pursuant to 28 U.S.C. § 2241, the sole mechanism for obtaining federal habeas relief by those confined on a state court conviction is a petition filed pursuant to 28 U.S.C. § 2254. *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Thus, the Court construes the Proposed Petition as one filed under 28 U.S.C. § 2254.

Several months before he filed his Proposed Petition in this action, Petitioner filed a separate federal habeas action under § 2254 challenging the same underlying state court conviction. *See Gossett v. Bennett*, Case No. 3:24-cv-05131-RAJ (filed Feb. 22, 2024). Currently pending in Petitioner's earlier-filed action is a recommendation that the action be dismissed as

REPORT AND RECOMMENDATION - 2

time-barred under the 1-year limitations period applicable to § 2254 petitions. *Id.* at Dkt. 26. As this limitations period does not apply to § 2241 petitions, Petitioner's filing of his Proposed Petition as a purported § 2241 petition could be viewed as an attempt to circumvent the statutory time limit for challenging his state court conviction. However, if Petitioner believes his habeas claims should not be time barred, the proper avenue for disputing this outcome is by filing objections to the pending Report and Recommendation in his earlier-filed action—not by seeking a different outcome in a new action.

Irrespective of Petitioner's intentions for filing this action, it is duplicative of his earlier-filed habeas action and should therefore be **DISMISSED without prejudice**. Petitioner's IFP Motion (Dkt. 1) and his other Proposed Motions and Requests (Dkts. 1-7, 1-8, 4, 5) should be **DENIED as moot**. Finally, a certificate of appealability should be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 30, 2024**, as noted in the caption.

Dated this 12th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3