1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK J. GOSSETT,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JASON BENNETT,<br><br>　　　　　　　Respondent. | Case No. 3:24-cv-05491-TMC<br><br>ORDER ON SANCTIONS AND PENDING MOTIONS |

## I.    ORDER

**A.    Sanctions**

In its March 3, 2025 order denying Petitioner Gossett's motions for relief from judgment (Dkt. 44), the Court ordered Mr. Gossett to show cause no later than March 17, 2025 as to why he should not be sanctioned for filing frivolous motions in violation of Federal Rule of Civil Procedure 11(b)(2). The Court wrote:

> Although Mr. Gossett brings these motions pro se, he remains bound by the Federal Rules of Civil Procedure, like any other litigant. Rule 11 expressly provides that it applies to "a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Under Rule 11, by signing a motion, an unrepresented party certifies to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Mr. Gossett's motions appear to violate this rule, and his repeated use of motions for relief from judgment to advance frivolous arguments abuses the judicial process and wastes time the

Court could spend handling other cases, including cases from other prisoners and pro se litigants.

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). The sanction should "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). To give Mr. Gossett notice and an opportunity to be heard, the Court ORDERS Mr. Gossett to show cause no later than March 17, 2025 why he should not be sanctioned for violating Rule 11(b)(2).

Dkt. 44 at 4.

Mr. Gossett did not respond to the Court's order to show cause. Accordingly, the Court finds that Mr. Gossett's previous motions for relief from judgment were frivolous, and that there is good cause to impose nonmonetary sanctions for violations of Rule 11. Fed. R. Civ. P. 11(c)(4). The Court further finds that the sanction that will suffice "to deter repetition of the conduct" is to strike all future frivolous motions in this case without a ruling on the merits. *See id.* If Mr. Gossett files additional motions, and the Court deems them frivolous, the Court will *sua sponte* strike the motion. If this does not deter the filing of frivolous motions, the Court will consider monetary sanctions in the future.

**B.     Pending Motions**

Instead of responding to the Court's order to show cause, Mr. Gossett filed a motion to withdraw his previous motions for relief from judgment at Dkt. 41 and 42 (Dkt. 47) and filed a motion for reconsideration (Dkt. 49). He also filed a motion asking the Clerk to forward him the documents that comprise the excerpt of record for his appeal as required by Ninth Circuit Rule 30-1.7 and 30-3 (Dkt. 48).

Mr. Gossett's motion to withdraw his earlier motions (Dkt. 47) is DENIED. The Court has already denied these motions and found them to be frivolous.

ORDER ON SANCTIONS AND PENDING MOTIONS - 2

Mr. Gossett's motion for reconsideration (Dkt. 49) is also DENIED. Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Mr. Gossett's motion does not meet this high bar.

Mr. Gossett's request that the Clerk prepare the excerpts of record for appeal No. 24-6050 (Dkt. 48) is DENIED. The Ninth Circuit has already rejected this appeal. Dkt. 40.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of April, 2025.

Tiffany M. Cartwright
United States District Judge